UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANA RAYOS, | ) | Case No. CV 15-3807 VAP (FFM) |
| Petitioner, | ) ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS |
| v. | ) ) | CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION; |
| D.K. JOHNSON, | ) ) | REFERRING THE PETITION TO THE U.S. |
| Respondent. | ) ) | COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A); |
| | | DENYING A CERTIFICATE OF APPEALABILITY |

DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE

On May 13, 2015, petitioner Diana Rayos ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Petitioner challenges a sentence imposed by the Los Angeles County Superior Court in Case No. TA108801 in 2010.

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988). In this case, Petitioner has attached a proof of service to the Petition stating that the Petition was submitted for service on May 13, 2015. Thus, the Court deems the Petition to have been filed on May 13, 2015.

1  The Court takes judicial notice of its files with respect to a prior habeas petition
2 (the "Prior Petition") Petitioner filed in this Court on or about April 21, 2014, Case No.
3 CV 14-3322 VAP (FFM). The Court notes that the Prior Petition was directed to the
4 same conviction and/or sentence sustained in Los Angeles County Superior Court Case
5 No. TA108801. On November 25, 2014, Judgment was entered in Case No. CV 14-3322
6 VAP (FFM) denying the Prior Petition as time-barred and dismissing the action with
7 prejudice.

8  The Petition now pending is governed by the provisions of the Antiterrorism and
9 Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which
10 became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to
11 read, in pertinent part, as follows:

12  "(1) A claim presented in a second or successive habeas corpus application
13  under section 2254 that was presented in a prior application shall be
14  dismissed.

15  (2) A claim presented in a second or successive habeas corpus application
16  under section 2254 that was not presented in a prior application shall be
17  dismissed unless --

18  (A) the applicant shows that the claim relies on a new rule of
19  constitutional law, made retroactive to cases on collateral
20  review by the Supreme Court, that was previously unavailable;
21  or

22  (B)(i) the factual predicate for the claim could not have been
23  discovered previously through the exercise of due diligence;
24  and

25  (ii) the facts underlying the claim, if proven and viewed in
26  light of the evidence as a whole, would be sufficient to establish
27  by clear and convincing evidence that, but for

28 ///

        constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

    Petitioner's prior federal habeas petition was denied on the ground that it was barred by the one-year period of limitation. A dismissal based on the statute of limitations is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the Act. *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed. R. Civ. P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)).

    Therefore, because the Petition now pending challenges the same conviction as Petitioner's prior habeas petition in Case No. CV 14-3322 VAP (FFM), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims she previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on her under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the court of appeals. However, it is unclear whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the Petition. After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate. *See Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

DENIAL OF CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.

**<u>ORDER</u>**

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court shall send a copy of the habeas Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court shall provide petitioner with a form recommended by the Ninth

Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

This action is then dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A Certificate of Appealability is DENIED. This is a final order, but it will not be appealable unless Petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[2]

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be issued separately.

DATED: May 27, 2015

_____
VIRGINIA A. PHILLIPS
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM 
   FREDERICK F. MUMM
United States Magistrate Judge

---

[2] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)), *see also* Fed. R. App. P. 22(b)(1).